IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        No. CV 14-0501 MCA/WPL
                                              CR 97-0638 MCA

ANDREW POMPEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

       This matter is before the Court on Defendant Pompey's "letter certification in lieu of a formal petition pursuant to 28 U.S.C. § 2255 (e) and (f) (3)" (CV Doc. 1; CR Doc. 603) (the "motion") filed on May 19, 2014.  Defendant asserts that, under the Supreme Court's recent decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Rosemond v. United States*, 134 S. Ct. 1240 (2014), the Court should set aside his criminal conviction, which allegedly violated his constitutional jury trial rights.  He contends that he is actually innocent of the criminal charges against him and the Court had no jurisdiction to convict him.  The Clerk opened a civil case to accommodate filing of the pleading as a possible motion under 28 U.S.C. § 2255.

       This is Defendant's third application for relief from his conviction.  In 2000, Defendant filed a motion to set aside his conviction (CR Doc. 463).  The Court denied the motion with leave to proceed under § 2255.  Defendant took no further action on that first motion.  A year later, in 2002, he filed a motion under 28 U.S.C. § 2255 (CR Doc. 487), challenging the Court's subject matter jurisdiction of the criminal proceeding against him.  The Court dismissed that motion on the merits.  Eleven years later, Defendant filed the current motion, again challenging his conviction.

The relief that Defendant seeks, if available, must be pursued under § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States." § 2255(a). The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion," *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006), and Defendant's pro se characterization of his claims as a non-§ 2255 petition is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992). If relief is to be granted on Defendant's motion, it must be treated as a motion under § 2255, notwithstanding its designation, because of the nature of the relief he seeks.

The Court, however, will not recharacterize Defendant's motion. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (holding that a district court does not abuse its discretion in declining to recast pleadings as a § 2255 motion when relief would be "facially 'barred as untimely . . . or as second or successive under 28 U.S.C. § 2255' "); *see also Brown v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003) (declining to recharacterize § 2254 petition as § 2255 motion in view of imminent second-or-successive bar). Because relief is available only under § 2255, the Court must either recharacterize the motion or dismiss it for lack of jurisdiction. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *United States v. Nelson*, 465 F.3d at 1148.

Central to Defendant's motion is his implicit, erroneous contention that the decisions in *Alleyne v. United States*, 133 S. Ct. 2151, and *Rosemond v. United States*, 134 S. Ct. 1240, apply

retroactively to his conviction.  In the Tenth Circuit Court of Appeals' recent decision in *In re Payne*, 733 F.3d 1027 (10th Cir. 2013), the court denied the movant's request for authorization to file a second or successive § 2255 motion based on the ruling in *Alleyne*.  The court agreed with other circuits that *Alleyne* announced " 'a new rule of constitutional law.' "  *In re Payne*, 733 F.3d at 1029 (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).  The court further noted, however, that because "this rule . . . has not been 'made retroactive to cases on collateral review,' " *In re Payne*, 733 F.3d at 1029 (quoting § 2255(h)(2)), the court could not authorize the § 2255 proceeding in the district court.  Furthermore, nothing in the *Rosemond* decision indicates retroactive applicability.  The Tenth Circuit's ruling in *Payne* weighs conclusively in favor of dismissing rather than recharacterizing Defendant's motion.  Under the ruling in *United States v. Nelson*, 465 F.3d at 1148, the Court will dismiss Defendant's motion for lack of jurisdiction.  Further filings attacking Defendant's conviction, other than a notice of appeal from this Order, may result in imposition of filing restrictions against Defendant.

    IT IS THEREFORE ORDERED that Defendant's "letter certification in lieu of a formal petition pursuant to 28 U.S.C. § 2255 (e) and (f) (3)" (CV Doc. 1; CR Doc. 603) is DISMISSED for lack of jurisdiction, and the captioned civil proceeding is DISMISSED.

                                                _____
                                                UNITED STATES DISTRICT JUDGE